BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
DARCI W. CRANE, IDAHO STATE BAR NO. 8852
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KARINA RENEE MOORE a/k/a KARINA RENEE GARCIA,<br><br>　　　　　　Defendant. | Case No.<br><br>**INFORMATION**<br><br>18 U.S.C. § 982(a)(7)<br>18 U.S.C. § 1347 |

The United States Attorney charges:

### General Allegations

At all times relevant to the Information:

1. The Idaho Medicaid program ("Medicaid") was a state administered health program funded predominately by the United States government and administered by the State of Idaho. It was a cooperative federal/state program, which is managed by the Idaho Department of Health and Welfare. Medicaid was a "healthcare benefit program" as defined by 18 U.S.C. § 24(b). Medicaid helped to pay for reasonable and medically

INFORMATION - 1

necessary services for individuals who were deemed eligible under state low-income programs.

2. Medicare was a federally administered health insurance program funded by the United States Department of Health and Human Services ("HHS"). The Centers for Medicare and Medicaid Services ("CMS") was an agency of HHS and was responsible for the administration of Medicare. Medicare was a "health care benefit program" as defined by 18 U.S.C. § 24(b). Medicare helped to pay for reasonable and medically necessary services for individuals who were deemed eligible under federal regulations, including, if they were 65 or older, had certain disabilities, or had end-stage renal disease.

3. Medicaid and Medicare would only pay for treatment and services, which were considered medically necessary, performed within accepted medical standards, and were rendered for a legitimate medical purpose.

4. In certain circumstances, a person could be dual eligible for Medicaid and Medicare.

5. The defendant KARINA RENEE MOORE a/k/a KARINA RENEE GARCIA was employed by Marquis Companies from on or about August 2007 to April 2016. GARCIA worked at Marquis Care of Shaw Mountain ("Shaw Mountain") in Boise, Idaho.

6. In May 2016 Marquis Companies sold the skilled nursing facility to Cascadia Healthcare and the facility was renamed Shaw Mountain of Cascadia ("Shaw Mountain"). GARCIA was employed by Cascadia from on or about May 2016 to December 2016.

7. From at least August 2007 through December 2016, some of the patients at the Shaw Mountain facility were dual eligible.

INFORMATION - 2

## COUNT ONE

### Health Care Fraud
### 18 U.S.C. § 1347

8. Paragraphs 1 through 7 of this Information are realleged and incorporated by reference as though fully set forth herein.

9. From an unknown date, but from at least January 2010 to December 2016, in the District of Idaho and elsewhere, the defendant KARINA RENEE MOORE a/k/a KARINA RENEE GARCIA, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud, as to material matters, health care benefit programs, as defined in 18 U.S.C. § 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of a health care benefit programs, in connection with the delivery and payment for health care benefits, items, and services, by submitting, and causing to be submitted, fraudulent claims to Medicaid, to wit: overbilling for services, i.e. billing two insurance providers for the same service, manipulating private pay patient liability, and failing to notify and reimburse Medicaid for third party liability.

### *Manner and Means*

10. From at least January 2010 to August 2011, the defendant exploited the Medicaid system by reducing the private liability due from the residents on a Medicaid stay to zero. The defendant continued to collect the private liability from the residents, residents' payees, and/or family members and embezzled the money.

11. From August 2011 to December 2016, the defendant was able to bill Medicaid for services that were covered by other health care benefit programs such as Medicare. For example, when a dual eligible patient at Shaw Mountain had an acute episode that

INFORMATION - 3

required hospitalization, Medicare or another health insurance provider would pay for the treatment associated with the acute episode. The defendant billed the appropriate health insurance and then submitted a second, fraudulent bill to Medicaid.

12. From 2013 to 2015, the defendant double billed for a patient who had Medicaid and a long term care insurance policy. Both Medicaid and the long term care insurance paid for the patient's medical expenses. Instead of making the necessary adjustments to the Medicaid payments, the defendant embezzled the money.

13. The finances were such that the payments from Medicaid went into a general account. The defendant did not have direct access to the general account. To collect the fraudulent proceeds, the defendant deposited patients' social security checks and other private pay private liabilities into the resident trust account. The defendant then wrote herself checks from the resident trust account. Because the defendant embezzled money paid for private liabilities instead of depositing the money in the general account, she needed to cover the loss. She used the overbilled Medicaid payments to cover her theft. To hide her actions, the defendant posted the overbilled Medicaid payments to patient ledgers to make them even, instead of posting the overpayments to the Medicaid accounts receivable.

14. Between January 2010 and December 2016, the defendant wrote herself checks totaling $580,699.85 from Marquis and Cascadia. The defendant forged the administrator's signature on each check. The defendant deposited the funds into a bank account she controlled.

*Executions of the Scheme*

15. On or about February 16, 2016, in the District of Idaho, the defendant KARINA RENEE MOORE a/k/a KARINA RENEE GARCIA, did knowingly and willfully execute and

INFORMATION - 4

attempt to execute a scheme and artifice to defraud a health care benefit program as to material matters, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, the money owned by and under the custody and control of Medicaid, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, by submitting a false and fraudulent claim number 16047W0000960 to Medicaid for patient A.W., that resulted in a fraudulent payment to Shaw Mountain.

All in violation of Title 18, United States Code, Section 1347.

## CRIMINAL FORFEITURE ALLEGATION

### Health Care Fraud Forfeiture
### 18 U.S.C. § 982(a)(7)

Upon conviction of the offense alleged in Count One of this Information, the defendant, KARINA RENEE MOORE a/k/a KARINA RENEE GARCIA, shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

1. Unrecovered Cash Proceeds and/or Facilitating Property. The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense (if facilitation is alleged), but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable. The defendant obtained and controlled at least $611,860.86 in unrecovered forfeitable property.

2. Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant"

INFORMATION - 5

up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 3rd day of December, 2019.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*/s/ Darci W. Crane*

DARCI W. CRANE
Assistant United States Attorney

**INFORMATION - 6**